UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ELAINE CHAO, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, ) ) ) ) Plaintiff, ) ) v. ) ) ST. LOUIS INTERNAL MEDICINE, et al., ) ) Defendants. ) | No. 4:06-CV-847 CAS |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendants St. Louis Internal Medicine, Inc. and Mea Wilkinson's motion for leave to file a third-party complaint. Plaintiff Elaine L. Chao, Secretary of Labor, opposes the motion. Defendants filed a reply in support of their motion and plaintiff was granted leave to file a sur-response. The matter is now ready for decision. For the following reasons, the Court will deny defendants' motion for leave to file a third-party complaint.

**Background**.

The plaintiff filed this action seeking to enjoin defendants from alleged violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 et seq. ("FLSA"), including the withholding of payment of overtime compensation, and to recover unpaid minimum wages and overtime compensation for defendants' employees.

On November 17, 2006, defendants filed their motion for leave to file a third-party complaint. The motion states in part, "Defendants have a reasonable good faith belief that a third-party is responsible, in whole or in part, for any damages recovered in this matter." Mot. for Leave at 1, ¶ 3. Defendants did not submit a proposed third-party complaint along with their motion, but instead

requested leave for an additional thirty days in which to file such a complaint, in order to permit them to engage in settlement negotiations with the potential third-party defendant. Id. at 2, ¶¶ 6-7. Although defendants did not specify a procedural basis for their motion for leave to file a third-party complaint, they necessarily invoked Rule 14(a) of the Federal Rules of Civil Procedure, which provides in part that:

> a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff.

Rule 14(a), Fed. R. Civ. P.

Plaintiff opposes the motion for leave to file a third-party complaint on the basis that the FLSA places responsibility for compliance with its provisions solely on the employer, and provides no right of contribution to employers named as defendants in FLSA damage actions, citing Herman v. RSR Security Services Ltd., 172 F.3d 132, 133 (2d Cir. 1999). Plaintiff also contends that the policy underlying the FLSA prohibits the filing of a third-party complaint intended to shift responsibility for non-compliance with the Act to a third party. Finally, plaintiff objects that defendants' motion for leave was filed past the deadline set forth in the Case Management Order for joinder of parties, and that defendants had ample to time to file a third-party claim within the applicable time limits.

In their reply memorandum, defendants abruptly change course and assert that they "do not wish to bring a third-party complaint for indemnification or contribution" and "do not wish to bring a third-party complaint under the FLSA" but instead intend to assert a claim of professional malpractice against their certified public accountant. Defs.' Reply at 2. Defendants state that a malpractice claim is not equivalent to a contribution or indemnification claim, would be predicated

2

on negligent advice given by their accountant, and is separate and distinct from and not derivative of any FLSA claims. Defendants assert that "Rule 20 [of the Federal Rules of Civil Procedure] provides for the very situation present before the Court where contribution or indemnification may not be allowed, but where there is a different basis of liability for a third party defendant." Reply at 3.

Plaintiff responds, <u>inter</u> <u>alia</u>, that defendants cannot use Rule 20(a) to join a party in this action, as Rule 20(a) is only available to plaintiffs who decide to join additional parties, or to defendants who file counterclaims and join additional counterclaim defendants, citing <u>Administrative Committee of the Wal-Mart Associates Health and Welfare Plan v. Willard</u>, 216 F.R.D. 511, 514 (D. Kan. 2003).

**Discussion**.

The Court will address defendants' motion only under the permissive party joinder rule of Rule 20(a), Fed. R. Civ. P., as defendants have explicitly abandoned any argument that they seek to join a third-party defendant who may be liable to them for all or part of the plaintiff's claim against them, as contemplated by the third-party practice provisions of Rule 14(a). Defendants do not assert that their accountant is either indispensable or necessary for the resolution of this matter within the meaning of the mandatory joinder rule, Rule 19, Fed. R. Civ. P.

Rule 20(a) provides in pertinent part:

> (a) Permissive Joinder. All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action. . . . A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. . . .

Rule 20(a), Fed. R. Civ. P.

Plaintiff is correct that the defendants may not join parties in this action under Rule 20(a) unless they do so by means of a counterclaim or cross-claim. "Party joinder [under Rule 20(a)] is always available as an initial matter to the plaintiff. It may be used by a defendant only if the defendant has asserted a counterclaim or cross-claim in the action." 4 James Wm. Moore, et al., Moore's Federal Practice § 20.02[1][b] (3d ed. 2006).[1] See also Hefley v. Textron, Inc., 713 F.2d 1487, 1499 (10th Cir. 1983) (holding that "joinder of defendants under Rule 20 is a right belonging to plaintiffs . . . [and] a defendant cannot use Rule 20 to join a person as an additional defendant."); Willard, 216 F.R.D. at 514 (same); Moore v. Cooper, 127 F.R.D. 422, 422 (D.D.C. 1989) (Rule 20(a) "is a rule by which plaintiffs decide who to join as parties and is not a means for defendants to structure the lawsuit.").

Based on the foregoing authority, the Court concludes that permissive joinder under Rule 20(a) is not available to the defendants as a means to join additional defendants in this action. Defendants' motion for leave to file a third-party complaint should therefore be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion for leave to file a third-party complaint is **DENIED**. [Doc. 10]

                                                  */s/ Charles A. Shaw*
                                                  **CHARLES A. SHAW**
                                                  **UNITED STATES DISTRICT JUDGE**

Dated this  3rd  day of January, 2007.

---

[1] This is because "a defendant who files a counterclaim or cross-claim in the pending case is treated as a plaintiff for purposes of permissive party joinder." 4 James Wm. Moore, et al., Moore's Federal Practice, § 20.02[2][b][I].